24ᴸ



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. E. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1266
Re: Is the appropriation in
S. B. 179, Acts, Reg. Ses.,
46th Leg., governed by the
"Limitation of Payments" rider
of S. B. 427, Reg. Ses., 46th
Leg.

　　　　Under date of August 9, 1939, you requested an opinion of this Department upon the effect of the "Limitation of Payments" rider of the General Departmental Appropriation Bill, Senate Bill 427, Acts, Reg. Ses., 46th Legislature, upon the appropriation made by Senate Bill 179, Acts, Reg. Ses., 46th Legislature, for the administration and enforcement of the refund provisions of the Motor Fuel Tax Law.

　　　　The General Departmental Appropriation Bill, above cited, after setting forth certain items for salaries and maintenance of the Motor Fuel Tax Refund Division of the Comptroller's Department, makes the following appropriation:

　　　　"Subject to the limitations set forth in the provisions appearing at the end of this Act, all of the filing fees provided for in House Bill 247, Chapter 44, Acts of the Regular Session, Forty-third Legislature, and any amendments thereto, together with any balances in the filing fee account at the close of any fiscal year, be and they are hereby appropriated to the Comptroller of Public Accounts for the payment of items listed in the 'Motor Fuel Tax Refund Division.' Said appropriations are hereby conditioned that the expenditures shall not exceed the total receipts from such fees."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. F. Sheppard, #2


Section 1 (h) of Senate Bill 179, Acts, Reg. Ses., 46th Legislature, likewise makes an appropriation to the Motor Fuel Tax Refund Division of the Comptroller's Office in the following language:

"The Comptroller shall deduct One ($1.00) Dollar from all such refunds as a filing fee, which fee shall be deducted from the warrant issued in payment of such refund, which said filing fee shall be set aside for the use and benefit of the Comptroller in the administration and enforcement of this act, as well as for the payment of expenses in furnishing the form of Invoice of exemption provided for herein, and the same is hereby appropriated for such purpose." (Underscoring ours)

We must first determine which of these two appropriations are controlling before we can express an opinion upon the effect of the "Limitation of Payments" rider thereon. We think the appropriation last mentioned, that is, the one embodied in Section 1 (h) of Senate Bill 179, Acts, Reg. Ses., 46th Legislature, should control over the special rider appearing in the General Departmental Appropriation Bill, hereinabove quoted, because it represents the last expression of the Legislature upon the subject and there is no real conflict between the two. Quite true such appropriation would not be operative beyond two years, because of the constitutional restriction in this regard. But, though couched in general terms, there is an express appropriation from a specific fund for a definite purpose so as to satisfy the requirements, under the authorities of this State, for a valid appropriation. The legislative record before us reveals that the act containing this appropriation went to final passage after the general departmental appropriation bill, and for the reasons hereinafter stated, we think it was the intent of the Legislature that its last appropriation should govern.

This conclusion is reenforced when we consider the purpose and necessity for the appropriation by Section 1 (h) of Senate Bill 179. Section 1 of Senate Bill 179 is, in the main, an amendment of the refund sections of House Bill 247, Chapter 44, Acts, Reg. Ses., 43rd Legislature, as amended by House Bill 749, Chapter 240, Acts, Reg. Ses., 44th Legislature, commonly known as the Motor Fuel Tax Law. The entire scheme for administering the refund provisions of the Motor Fuel Tax Law, for controlling the purchases

Hon. Geo. H. Sheppard, #3

of motor fuel for which refunds might be claimed, and for regulating the filing of such claims and the issuance of refund warrants thereon, was radically altered by the amending statute, with consequent increase in both the work and expense incident to the administration of the Motor Fuel Tax Refund Law. The administrative details of the new Act relative to motor fuel tax refunds are too lengthy to quote here, but it is apparent from a reading of Section 1 of Senate Bill 179, dealing with this subject, that the administrative duties resting upon the Comptroller of Public Accounts by virtue of this new legislation are greatly increased over the duties which were charged upon him under existing legislation. It goes without saying that such new duties create new and additional expenses. As illustrative of this, we point to that portion of Section 1 (e) of Senate Bill 179 providing that "the invoices of exemption required by this act shall be furnished, free of cost, by the Comptroller to the licensee. And no forms of invoice of exemption shall be used by the dealer or user of refund motor fuel other than those issued and furnished by the Comptroller."

Because of these considerations we see a clear reason for the appropriation by the legislature in Section 1 (h) of Senate Bill 179, of the proceeds from the $1.00 filing fee for refund claims. This appropriation is part and parcel of the very act creating additional duties and additional expenses incident to the administration of the Motor Fuel Tax Refund Law, and there is an express appropriation of all of the funds derived from this filing fee "for the use and benefit of the Comptroller in the administration and enforcement of this Act, as well as for the payment of expenses in furnishing the form of invoice of exemption provided for herein." As heretofore pointed out, the Comptroller is required to furnish, free of cost, these invoices of exemption. The item for stationery and printing contained in the General Departmental Appropriation Bill is entirely inadequate to cover such expenses, in addition to the usual stationery and printing expenses of the Refund Division. We think it may be said that the Legislature was cognizant of this fact, as well as of the fact that additional duties and additional expenses were entailed by the enactment of Senate Bill 179, so as to cause the appropriations, specific as to amount and purpose, in the General Departmental Appropriation Bill, theretofore enacted, to be entirely inadequate. Hence the appropriation in Senate Bill 179, appropriating all funds arising from refund filing fees, to the Motor Fuel Tax Refund Division of the Comptroller's Department for the administration of the refund provisions of said bill.

Having determined that this appropriation is the controlling one, we will now proceed to a determination of the effect thereon of the "Limitation of Payments" clause appearing as a general rider to Senate Bill 427, Reg. Ses., 46th Legislature, commonly

Hon. Geo. H. Sheppard, #4

known as the Departmental Appropriation Bill. The scope and effect of this "Limitation of Payments" rider upon the appropriations for the various state departments came on for the consideration of this office, and in Departmental Opinion No. 3082, directed to Governor W. Lee O'Daniel, it was held that the authority of the Board set up by such rider, related only to surpluses in funds dedicated or devoted to a department's use and benefit, but not appropriated to that department elsewhere than in the "Limitation of Payments" clause. Inasmuch as that portion of Section 1 (h) of Senate Bill 179, under consideration here, is an outright appropriation to the Comptroller's Department, or the Refund Division thereof, of all funds collected from filing fees, for the administration and enforcement of the refund provisions of the Motor Fuel Tax Law, it follows from the foregoing opinion that the Board, constituted by the "Limitation of Payments" rider of the Departmental Appropriation Bill, would have no authority over such funds.

Trusting that this fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED SEP 5, 1939

ATTORNEY GENERAL OF TEXAS

